**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011[*]
Decided August 24, 2011

*Before*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1210

| | |
|---|---|
| YUSEF LATEE WILLIAMS, <br> *Plaintiff-Appellant.* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-C-981 |
| STEVEN SCHUELER, et al., <br> *Defendants-Appellees.* | J.P. Stadtmueller, <br> *Judge.* |

**O R D E R**

Yusef Williams, a Wisconsin inmate, asserts in this suit under 42 U.S.C. § 1983 that several prison employees violated the Eighth Amendment by deliberately withholding his meals for two consecutive days. The district court dismissed the suit at screening for failure to state a claim. See 28 U.S.C. § 1915A(b)(1). The court reasoned that not allowing Williams to eat for 48 hours was not a serious enough deprivation to constitute cruel and unusual punishment. Williams appeals that ruling.

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2)(C).

For purposes here we accept as true the factual allegations in Williams's complaint. See *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 696 (7th Cir. 2009). Williams was placed in medical quarantine on May 16, 2006. He received his meals regularly until May 24, when, without explanation, he was not given breakfast. Williams received lunch that day, but when he asked for pepper for his food, the guard stated, "You['re] lucky you even got a tray, I forgot." Williams asked why he was lucky to receive his meal, but he did not get an answer. Over the next 48 hours the guards withheld meals from Williams six consecutive times until dinner on May 26. As meals were being distributed each of those times, Williams politely told the guard who was handing out the food trays that he wanted to eat, but he received neither food nor an explanation for why his meals were being withheld.

After lunch on May 26, the guard, although fully aware that Williams had not received any food, asked him for his meal tray, then laughed and slammed the cell door. Moments later a different guard stopped at his cell and handed Williams a surgical mask. After that Williams received a visit from Steven Schueler, the security chief at the prison and one of the defendants in this litigation, who explained (for the first time) that Williams could not receive any meals unless he was wearing a mask, because he was suspected of having tuberculosis. Williams wore the mask at dinner and got his food, and then later that evening he was released from quarantine without notice or an explanation.

Documents generated during the grievance process confirm that during the two days Williams went hungry no one had given him a mask or had even told him that he needed one to receive food. Belinda Schrubbe, the nurse in charge of the health unit and also a defendant, had issued the directive that Williams be masked when receiving his meals because he was under observation for tuberculosis. She blamed Schueler and his staff for not conveying the directive to Williams or giving him a mask. Schueler countered that it was Schrubbe's responsibility to tell Williams about the mask requirement because he was in medical quarantine. Whether all of this amounts only to negligence or if it was intended to conceal deliberate indifference remains to be seen. Williams points to the guards' consciousness of his prolonged deprivation, to the fact that the guard laughed at him, and to what he sees as the prison's stubborn failure to tell him how he might qualify again for food.

After *de novo* review, see *Santiago*, 599 F.3d at 756, we conclude that the district court should have been more generous in construing Williams' *pro se* complaint. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). We review a dismissal at screening for failure to state a claim using the same standard applied to dismissals under Federal Rule of Civil Procedure 12(b)(6), *Santiago*, 599 F.3d at 756, and that rule precludes dismissal if the complaint contains sufficient facts to state a claim for

relief that is plausible on its face, see *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010); *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009). That standard is met here.

A valid claim of deliberate indifference under the Eighth Amendment has both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim an inmate must first allege that he suffered a deprivation sufficiently serious to have denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); see *Farmer,* 511 U.S. at 834; *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Second, the inmate must allege that the defendants were subjectively aware that their conduct was creating a substantial risk of serious harm. *Farmer,* 511 U.S. at 834, 837; *Roe*, 631 F.3d at 857.

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including ensuring that inmates receive adequate food. *Farmer,* 511 U.S. at 832; *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Withholding food from prisoners is a deprivation of a basic need that in some circumstances will satisfy the objective aspect of the *Farmer* test. See *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship."); *Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009) (concluding that denial of 16 meals in 23 days was sufficient to support claim of deliberate indifference); *Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999) (concluding that first *Farmer* element was satisfied by allegation that infirm inmate was denied food for three to five days); *Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir. 1998) (concluding that denial of four consecutive meals was a sufficiently serious deprivation). As for the subjective inquiry, Williams alleged that he was not told that he had to wear a mask or even given a mask until the day he was released from medical quarantine. Although at every missed meal he told the guard who was delivering food that he wanted to eat and did not understand why he was being passed by, he was met by silence or, worse, laughter. The risk that a prisoner might suffer harm as a result of repeatedly being denied meals is sufficiently obvious to permit the inference that the guards were aware of a risk. See *Foster*, 554 F.3d at 814; *Reed*, 178 F.3d at 854; *Simmons*, 154 F.3d at 808. Reading his complaint in the light most favorable to Williams, he thus alleges that he suffered a serious deprivation of a basic necessity and that prison employees were aware that their conduct was creating a substantial risk of serious harm. Although it remains to be seen whether the evidence will bear out these allegations, the district court erred in concluding that Williams has not stated a plausible claim of deliberate indifference.

Accordingly, the judgment is **VACATED**, and the case is **REMANDED** for further proceedings.